UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| JAMES COMER, | : | |
|---|---|---|
| Petitioner, | : | Civ. No. 17-1005 (KM) |
| v. | : | |
| | : | OPINION |
| STEVEN JOHNSON et al., | : | |
| Respondents. | : | |

**KEVIN MCNULTY, U.S.D.J.**

## I. INTRODUCTION

The petitioner, James Comer, is a state prisoner incarcerated at New Jersey State Prison, in Trenton, New Jersey. He is proceeding pro se with this petition for habeas relief under 28 U.S.C. § 2254. Presently before the Court is an "Application for Emergency Relief" by Mr. Comer, (ECF No. 7), and a motion by the respondents, Steven Johnson and the Attorney General of the State of New Jersey, to dismiss the petition as untimely, (ECF No. 9). For the following reasons, Mr. Comer's application is denied, the respondents' motion is granted, and the petition is dismissed as untimely.

## II. BACKGROUND

### 1. Mr. Comer's Conviction

In March 2004, Mr. Comer was convicted, following a jury trial in New Jersey Superior Court, Law Division, Essex County, of one count of felony murder, under New Jersey Statutes Annotated § ("N.J.S.A.") 2C:11-3(a)(3), five counts of third-degree unlawful possession of a weapon, under § 2C:39-5b, three counts of first-degree robbery, under § 2C:15-1, and one count of third-degree theft, under § 2C:20-3(a). (Certif. in Supp., Ex. 2, Am. J. (Mar. 18, 2004), ECF

No. 9-5; *see also* Pet., ECF No. 1, ¶ 5.) The convictions arose from the events of April 17, 2000, when Mr. Comer, along with Ibn Adams and Dexter Harrison (not parties to this proceeding), "stole a car and committed several armed robberies, one of which resulted in the shooting death of George Paul." *See State v. Adams*, 194 N.J. 186, 191–92 (2008). The Honorable Thomas R. Vena imposed an aggregate sentence upon Mr. Comer of seventy-five years, with just over sixty-eight years of parole ineligibility. (ECF No. 9-5); *see also Adams*, 194 N.J. at 198.

The Superior Court, Appellate Division, affirmed Mr. Comer's convictions and sentences on December 28, 2006. *State v. Adams*, No. A-4915-03T4, 2006 WL 3798760 (N.J. Super. Ct. App. Div. Dec. 28, 2006). The Supreme Court of New Jersey affirmed the Appellate Division's affirmance on March 26, 2008. *Adams*, 194 N.J. 186. Mr. Comer indicates that he did not seek certiorari from the Supreme Court of the United States. (ECF No. 1 ¶ 9(h).)

## 2. Proceedings for Post-Conviction Relief

On July 9, 2008, Mr. Comer filed a petition for post-conviction relief ("PCR"), dated May 29, 2008, with the Superior Court, Law Division, Essex County. (Certif. in Supp., Ex. 6, PCR Pet., ECF No. 9-9; *see also* ECF No. 1 ¶ 11(a).) Following an evidentiary hearing, the Superior Court denied that PCR petition on September 22, 2009. (Certif. in Supp., Ex. 7, PCR Op. & Order, ECF No. 9-10; *see also* ECF No. 1 ¶ 11(a).) On November 23, 2010, Mr. Comer, acting by counsel, filed an appeal of the denial of his PCR petition. (Certif. in Supp., Ex. 8, Notice of App., ECF No. 9-11.) The Appellate Division, on October 23, 2012, reversed the initial PCR decision and remanded for an evidentiary hearing concerning Mr. Comer's ineffective-assistance-of-counsel claim.[1] *State v. Comer*, No. A-1675-10T4, 2012 WL 5199606 (N.J. Super. Ct. App. Div. Oct. 23, 2012).

---

[1]  Mr. Comer sought certification from the New Jersey Supreme Court to review the Appellate Division's decision insofar as it affirmed the initial PCR decision. (Certif. in Supp., Ex. 10, Notice of Pet.

2

The Superior Court held an additional evidentiary hearing and again denied Mr. Comer's PCR claim on November 6, 2013. (Certif. in Supp., Ex. 13, Order, ECF No. 9-16.) Mr. Comer, again acting by counsel, filed a notice of appeal on March 4, 2014. (Certif. in Supp., Ex. 14, Notice of App., ECF No. 9-17.) The Appellate Division subsequently affirmed that denial on December 30, 2015. *State v. Comer*, No. A-2752-13T1, 2015 WL 9487583 (N.J. Super. Ct. App. Div. Dec. 30, 2015). The same day, Mr. Comer filed a petition for certification with the New Jersey Supreme Court. (Certif. in Supp., Ex. 17, Notice of Pet. for Certif., ECF No. 9-20.) The Supreme Court denied certification on April 29, 2016. *State v. Comer*, 225 N.J. 221 (2016).[2]

### 3. The Habeas Petition

On February 14, 2017, Mr. Comer, acting pro se, filed a habeas petition with this Court, dated February 6, 2017, which asserts three grounds as bases for relief. (*See* ECF No. 1.) First, he argues that the trial court improperly admitted eyewitness identifications, finding them to be reliable despite acknowledging that they were impermissibly suggestive. (*Id.* ¶ 12(Ground 1).) Second, Mr. Comer contends that the trial court acted improperly when the jury was deadlocked by telling them to continue deliberating and by not ascertaining the circumstances of the deadlock. (*Id.* ¶ 12(Ground 2).) Finally, he asserts that his trial counsel provided ineffective assistance by failing to seek disqualification of a juror who, having worked with Mr. Comer's mother, admitted having extra-judicial information about him. (*Id.* ¶ 12 (Ground 3).)

---

for Certification, ECF No. 9-13.) The Supreme Court denied certification. *State v. Comer*, 213 N.J. 536 (2013).

[2] I note that Mr. Comer, on June 13, 2014, moved for resentencing in light of the U.S. Supreme Court's decision in *Miller v. Alabama*, 567 U.S. 460 (2012) (holding mandatory life sentences for persons under eighteen when crimes committed violates Cruel and Unusual Punishment Clause of Eighth Amendment). On May 11, 2015, the trial court granted this motion. (Certif. in Supp., Ex. 15, Op. & Order, ECF No. 9-18.) The Supreme Court of New Jersey granted a petition by Mr. Comer for direct certification and, in a consolidated opinion, affirmed the trial court's decision and remanded for resentencing. *See State v. Zuber*, 227 N.J. 422 (2017). The State's petition for certiorari to the U.S. Supreme Court was subsequently denied. *New Jersey v. Zuber*, 138 S. Ct. 152 (2017).

3

On March 2, 2017, the Court, finding no basis to dismiss the habeas petition upon an initial screening, ordered Respondents to file either an answer or a motion to dismiss on timeliness grounds within 45 days. (Mem. & Order, ECF No. 2.) On March 27, 2017, Respondents' counsel filed a letter requesting a stay of the habeas proceeding, as litigation regarding Mr. Comer's resentencing motion remained ongoing.[3] (ECF No. 5.) On May 11, 2017, I declined to grant a stay, finding that Mr. Comer's habeas petition challenged the circumstances of his conviction, not his sentencing. I reset Respondents' 45-day period to file an answer or a motion to dismiss on timeliness grounds. (Mem. & Order, ECF No. 6.)

### III. THE CURRENT APPLICATIONS

On June 1, 2017, Mr. Comer filed an "Application for Emergency Relief," which essentially seeks a default judgment, as well as remand to the trial court for resentencing, as Respondents have not yet answered his petition. (ECF No. 7.) He also asks to amend his petition to claim that it is timely "under 'Equitable Tolling' and timely filed within 90 days after the Supreme Court De[]cision of January 11, 2017." (ECF No. 7-1.) This application also raises additional allegations of deficiencies in one of the state court proceedings. (*Id.*)

On June 15, 2017, Respondents filed a motion to dismiss the petition as untimely. (ECF No. 9.) Respondents argue that, while the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1), provides one year to file a habeas proceeding, Mr. Comer did not file his habeas petition until well after the deadline, even accounting for statutory tolling. (Certif. in Supp., ECF No. 9-1, at 3–9.) Specifically, Respondents contend that, although long periods were tolled while PCR proceedings were pending, over 500 un-tolled days elapsed after Mr. Comer's judgment became final before he filed his petition. (*Id.*)

---

[3] *See supra* note 2.

4

Mr. Comer filed a "Motion in Opposition to Respondents <u>Notice</u> of Motion to Dismiss Petition for Writ of Habeas Corpus," which functions as an opposition to the dismissal motion. (ECF No. 12.) He first notes that he "adopts by reference the documents filed in this federal litigation as the procedural history of this case," citing Respondents' certification in support of their dismissal motion. (Letter Br. in Supp., ECF No. 12-1, at 2.) Mr. Comer again argues that Respondents have failed to answer his habeas petition and that relief should be granted to him by default. (*Id.* at 3–4.) He contends that his habeas petition is timely under AEDPA because it was served within 90 days of the New Jersey Supreme Court's decision on his resentencing motion.[4] (*Id.* at 4, 8–9.) Mr. Comer further argues that Respondents did not file their dismissal motion in compliance with the Federal Rules of Civil Procedure. (*Id.* at 5–6.) He urges that his criminal judgment *never* became final, and thus the AEDPA limitations period never started running, claiming that the trial court "only entered a <u>interlocutory</u> judgment of conviction." (*Id.* at 6–8, 9–10.) Mr. Comer asks to move the proceeding forward by holding an evidentiary hearing and appointing him pro bono counsel.[5] (*Id.* at 10.)

## IV.  ANALYSIS OF MR. COMER'S APPLICATION

Mr. Comer's Application for Emergency Relief will be denied. First, Mr. Comer has included no indication of what makes the application emergent. His contention that Respondents failed to timely respond to his habeas petition, warranting default, is wrong. By order of the court, they had until June 25, 2017 (*i.e.*, 45 days after May 11, 2017) to file either an answer or a motion to dismiss on timeliness grounds. (ECF No. 6.) Respondents' dismissal motion, filed June 15, 2017, complied with that order. (ECF No. 9.)

---

[4]  *See supra*, note 2.

[5]  Mr. Comer cites to cases concerning equitable tolling, (ECF No. 12-1 at 5, 9), but does not advance any specific arguments in support of permitting the petition to proceed on that basis.

Although Mr. Comer's application does not comport with the procedures typically applicable to a request to amend, I will nonetheless consider Mr. Comer's representations in his amendment request to be part of the pleadings for the purposes of this opinion.

## V. THE DISMISSAL MOTION

AEDPA creates a one-year limitations period for habeas petitions by state prisoners, which typically begins to run when the underlying judgment "bec[omes] final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *see also Thompson v. Adm'r N.J. State Prison*, 701 F. App'x 118, 121 (3d Cir. 2017); *Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013). Where, as here, a habeas petitioner previously pursued direct appeal to a state high court, the limitations period begins to run upon the expiration of time to petition for certiorari from the U.S. Supreme Court. *See Thompson*, 701 F. App'x at 121; *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 (3d Cir. 2013).

The AEDPA limitations period is tolled, however, during any period that a properly filed PCR petition is pending in the state courts. 28 U.S.C. § 2244(d)(2); *see also Thompson*, 701 F. App'x at 121; *Jenkins*, 705 F.3d at 85. The PCR petition is considered to continue pending, and the AEDPA limitations period continues to be tolled, during the time that the petitioner could have appealed a PCR decision within the state courts, even if the petitioner did not in fact file such an appeal.[6] *Carey v. Saffold*, 536 U.S. 214, 219–21 (2002); *Swartz v. Meyers*, 204 F.3d 417, 420–24 (3d Cir. 2000) (citing *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999)). If the petitioner files an untimely appeal that the state appellate court nonetheless addresses on its merits, AEDPA tolling resumes upon the untimely appeal's filing, but the period between the

---

[6] I note, however, that this principle does not apply to time during which the petitioner could seek certiorari from the U.S. Supreme Court. *Miller v. Dragovich*, 311 F.3d 574, 577–81 (3d Cir. 2002); *Stokes v. Dist. Att'y of Cty. of Phila.*, 247 F.3d 539, 541–43 (3d Cir. 2001).

6

deadline for a timely appeal and the actual filing of the untimely appeal is not tolled. *See Evans v. Chavis*, 546 U.S. 189, 191, 197, 200–01 (2006) (citing *Saffold*, 536 U.S. at 219–21); *Thompson*, 701 F. App'x at 121–22 ("[A]n application is pending during the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, *provided that* the filing of the notice of appeal is timely under state law." (internal quotation marks omitted)); *Swartz*, 204 F.3d at 424 (noting that "the term 'pending' must include the time between a court's ruling and the *timely* filing of an appeal" (emphasis added)); *see also, e.g., Harris v. Nogan*, No. 17-259, 2017 WL 5725054, at *3–5 (D.N.J. Nov. 28, 2017) (counting days between timely appeal deadline and untimely appeal filing towards AEDPA limitations period); *Gilkes v. Hendricks*, No. 14-3209, 2017 WL 4179812, at *3–4 (D.N.J. Sept. 20, 2017) (same); *Drake v. Johnson*, No. 15-2837, 2016 WL 1069912, at *2–3 (D.N.J. Mar. 18, 2016) (same).

As the AEDPA limitations period is not jurisdictional, it may be equitably tolled in appropriate circumstances. *See Holland v. Florida*, 560 U.S. 631, 645–49 (2010). Equitable tolling will be granted only if a petitioner can demonstrate "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Jenkins*, 705 F.3d at 89. The Supreme Court emphasized that such determinations, as equitable in nature, should be fact specific and rendered on a case-by-case basis. *See Holland*, 560 U.S. at 649-50; *see also Ross*, 712 F.3d at 799. It has also observed that equitable tolling is generally permitted "only sparingly." *Irwin v. Dep't of Vets. Affairs*, 498 U.S. 89, 96 (1990).

In this case, the New Jersey Supreme Court affirmed Mr. Comer's conviction and sentence on March 26, 2008. *Adams*, 194 N.J. 186. As Mr. Comer did not seek certiorari from the U.S. Supreme Court, his criminal judgment became final, and his AEDPA limitations period

was triggered, when the deadline to apply for certiorari expired 90 days later, on June 24, 2008.[7] Although Mr. Comer's PCR petition was not received by the state court until July 9, 2008, (see ECF No. 9-9), the Court will give him the benefit of the doubt, as appropriate for a pro se litigant, and assume, under the "mailbox rule," see *Houston v. Lack*, 487 U.S. 266, 270–71 (1988), that he may have given it to prison staff for filing as early as the date it bears, May 29, 2008. Accordingly, Mr. Comer's PCR petition (I will assume) would have begun tolling his AEDPA limitations period starting May 29, 2008. Because the conviction did not technically even become final (as noted above) until June 24, 2008, there was no gap and no days were lost.

Following the Superior Court's September 22, 2009 denial of Mr. Comer's PCR petition, however, he had 45 days, or until November 6, 2009, to file a timely appeal. *See* N.J. Ct. R. 2:4-1(a). He did not file an appeal by that date. AEDPA tolling therefore ceased and the one-year limitations period began running. Mr. Comer's AEDPA limitations period thus expired a year later, on November 6, 2010. On that date, he still had not filed an appeal from the PCR denial. He did not file that appeal until November 23, 2010, when the entire AEDPA limitations period had already run. So the appeal could not have operated to "toll" an already-expired deadline.

Accordingly, Mr. Comer's time to file a habeas petition under AEDPA expired over six years before he filed this habeas petition in February 2017.[8]

---

[7] As outlined above, the finality of a criminal judgment is determined by 28 U.S.C. § 2244(d) and related caselaw. Despite Mr. Comer's arguments to the contrary, there is no indication of any reason why his conviction should be considered as "interlocutory." His citation to the U.S. Supreme Court's decision in *Jimenez v. Quarterman*, 555 U.S. 113 (2009), is inapt, as that opinion establishes only that a conviction and sentence that would have been considered final due to the defendant's failure to file a timely direct appeal may become *un*-final if the state courts permit a late appeal and, consequently, that the defendant's AEDPA limitations period is reset when the conviction again becomes final. No comparable circumstances exist in this case, as Mr. Comer was not permitted to proceed with any untimely *direct* appeal.

[8] As established above, the entire one-year AEDPA period elapsed during the hiatus in activity from 2009–10. Thus it is unnecessary to further analyze the State's contention that various periods of inactivity, during which the limitations clock was running, add up to more than 500 days. I do note one

8

Although Mr. Comer cites to cases concerning equitable tolling generally, he makes no specific argument and states no facts supporting the application of that doctrine in this case. Accordingly, Mr. Comer's habeas petition must be found untimely, and Respondents' motion to dismiss will be granted.

## VI. EFFECT OF PENDING RESENTENCING

On May 11, 2015, the trial court granted Mr. Comer's motion for resentencing in light of the U.S. Supreme Court's decision in *Miller v. Alabama*, 567 U.S. 460 (2012) (holding mandatory life sentences for persons under eighteen when crimes committed violates Cruel and Unusual Punishment Clause of Eighth Amendment).. (Certif. in Supp., Ex. 15, Op. & Order, ECF No. 9-18.) The Supreme Court of New Jersey affirmed on direct certification and the U.S. Supreme Court denied the State's petition for certiorari. *State v. Zuber*, 227 N.J. 422, *cert. denied*, 138 S. Ct. 152 (2017). That opens the possibility that a new "final" judgment of conviction and sentence will be entered (and, perhaps, challenged within the state court system).

The parties do not state, however, that any resentencing has occurred. I therefore rule on the current record. I make no ruling as to what effect, if any, a resentencing may have in terms of restoring the timeliness of the habeas claims. *Cf. Magwood v. Patterson*, 561 U.S. 320, 130 S. Ct. 2788 (2010).

## VII. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c), a litigant may not appeal a final order in a § 2254 habeas proceeding unless the judge or a circuit justice issues a certificate of appealability ("COA"). That

---

additional substantial period during which the clock was running, however. Another 71 days would have elapsed between the expiration of Mr. Comer's time to appeal from the PCR court's denial of his petition on remand and his late appeal of that second denial. (*See* p. 3, *supra.*) The deadline to appeal a November 6, 2013 order was Monday, December 23, 2014. Until it was actually appealed, on March 4, 2014, an additional 71 days elapsed.

9

section further directs courts to issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, reasonable jurists would not find the untimeliness of this habeas petition debatable. Accordingly, no COA shall issue.

## VIII. CONCLUSION

For the foregoing reasons, Mr. Comer's application for emergency relief, (ECF No. 7), will be denied, Respondents' motion to dismiss the petition as untimely, (ECF No. 9), will be granted, and the petition in this matter will be dismissed. No certificate of appealability shall issue. An appropriate order accompanies this opinion.

DATED: March 26, 2018

KEVIN MCNULTY
United States District Judge